Aaron SELLERS, J. S. Sellers, Willie Dorsey, and Lorenza Robins, Plaintiffs,

v.

S. B. WILSON, Fred W. Chappell, and W. B. Rainer, Defendants.

No. 991–N.

United States District Court
M. D. Alabama, N. D.

Sept. 10, 1954.

Arthur D. Shores, Birmingham, Ala.; Thurgood Marshall and Robert L. Carter, New York City, for plaintiffs.

Lawrence K. Andrews, Union Springs, Ala., for defendants.

CHARLES B. KENNAMER, District Judge.

This is a suit by the above named plaintiffs, all Negroes, against the above named defendants who constituted the board of registrars of Bullock County, Alabama, for a declaratory judgment, declaring the policy, custom or usage of the defendants in allegedly refusing to register as electors plaintiffs solely on account of their race or color, unlawful and in violation of federal constitutional rights; and too, that this court issue a permanent injunction forever restrain-ing and enjoining the defendants and each of them, from allegedly subjecting Negroes to tests not required of white applicants as a pre-requisite to register; and also, for money damages which, by stipulation of the parties, if allowed, is to be for a nominal sum not in excess of $1.

The case is before the court, by stipulation, solely on depositions of the parties and without the intervention of a jury.

On three separate occasions: the first, January 18, 1954; the second, January 19, 1954; and the third, February 1, 1954, these plaintiffs appeared at the court house in Union Springs, Bullock County, Alabama, for the purpose of making application to become a registered voter. It is a pre-requisite under Alabama law that such an applicant appear in person before the board of registrars, that the board furnish the applicant a written application blank or, as referred to in the statute, a questionnaire, to be answered by the applicant in writing in the presence of the board without assistance.

The three above named defendants, at the time these plaintiffs appeared at the court house in Union Springs, Alabama, for the purpose of making application to become a registered voter, and at the time this action in this court was commenced, and up until their resignations were submitted on August 14, 1954, constituted the board of registrars of Bullock County, Alabama. As such board of registrars they held regular sessions in the court house at Union Springs for the purpose of furnishing questionnaires to applicants who desired to become registered voters in Bullock County, and registering the applicants who were qualified to become registered voters.

On the three separate occasions when these plaintiffs appeared at the Bullock County court house to make application to the board to be registered, the plaintiffs either appeared before the board in its entirety or before individual members of the board. When the plaintiffs appeared in the Court Room in the Bullock County court house on January 18,

1954, the place where the board was then in session, all three members of the board were present and actively at work furnishing questionnaires to white applicants, having such questionnaires answered by white applicants, and registering white applicants.

These plaintiffs, on January 18, 1954, on this occasion, seated themselves in the court room to await their turn to be registered. In a few minutes, Mr. S. B. Wilson, Chairman of the board and one of the named defendants in this suit, went over to where the plaintiffs were and made inquiry of them as to the nature of their visit. When told that they had come to see about getting registered he, Wilson, informed them that the board was busy that day and for them to come back the next day, January 19, 1954, and bring a registered voter with them as a voucher. The plaintiffs then departed; they returned the next day, January 19, 1954, with a registered voter to be a voucher.

The efforts of these plaintiffs from then on to make application to be registered as voters, were handicapped by what appears to be a sort of hide and seek policy on the part of the Board of Registrars. The plaintiffs, as seekers, were neverable, after that first visit to the Board on January 18, 1954, to find the entire membership of the Board in session, or to catch a quorum present, functioning in its legal capacity as the Board of Registrars of Bullock County.

When the plaintiffs returned the next day, January 19, 1954, with a registered voter to act as voucher, as suggested to them by Mr. Wilson the day before, the following occurred according to Board member and defendant W. B. Rainer, before the plaintiffs were frightened from the Court Room and away from the Court House by a person named Allen B. Tucker, who is otherwise unidentified but who was not connected with the Board of Registrars in any official capacity:

"Q. Do you recall how long after the first time it was before they returned? A. The next day.

"Q. Do you recall what happened that day? A. I do.

"Q. Will you state for the record what happened that day? A. As far as the Board is concerned, nothing happened because they never did approach me, and I was by myself and they never even approached me and asked for an application. Not a word was said to me. The Board was not officially in session, since the law requires that two of us be there. They say that two constitutes a quorum and I was working on applications we had received the day before. I was working on those at the Circuit Solicitor's stand where the Solicitor usually sits, and they came in the auditorium.

"Q. Did you inquire of them as to what they wanted? A. I did not."

The third and final effort of these plaintiffs to make application to the Board for registration was on February 1, 1954, a statutory day for Board sessions. As usual, the plaintiffs were at the Court House that day around 9:00 a. m. They sought in vain to find the Board. They did see Mr. Wilson around 11:30 a. m., but he told them he was going to dinner and for them to come back around 1:00 p. m., which they did. They did not see Mr. Wilson again until around 2:30 p. m. He was then going down stairs into the basement of the Court House. These plaintiffs followed him into the basement. When Wilson was there confronted by a spokesman for these plaintiffs about the matter of their registration, Wilson stated to them that the Board was not in session that afternoon; that he was there alone and could do nothing for them.

Mr. Wilson, as Chairman of the Board of Registrars of Bullock County, and apparently speaking for the entire Board, testified under oath on August 13, 1954, at the time his deposition was being taken in this case, that the next meeting of the Board would be Monday, August 16, 1954, and at that time all Negroes who

present themselves for registration with a voucher, and who will properly fill out their registration blanks, will be registered. Whether these plaintiffs would have been able to find the Board in session on that Monday, and thereby secured proper application blanks, this court will never know, for the following day, August 14, 1954, these three defendants, Mr. Wilson, Mr. Chappell, and Mr. Rainer, constituting the Board of Registrars of Bullock County, resigned as members of the Board, to be effective that day. There is at this time no Board of Registrars in Bullock County, Alabama.

■ These plaintiffs could not make proper application for registration without first securing application blanks. These blanks are furnished by the Board of Registrars to applicants. The acts of these plaintiffs amounted to a request for such application blanks. The acts of these defendants amounted to a denial of their request, a denial occasioned solely because the plaintiffs were members of the Negro race.

The court finds the action of these defendants on January 18 and 19, 1954, and on February 1, 1954, as relating to these plaintiffs, whenever the plaintiffs appeared before them as members of the Board of Registrars of Bullock County for the purpose of applying to be registered, discriminatory treatment not required or administered to white applicants.

The court finds the failure of the Board members, the defendants, to supply the plaintiffs with application blanks, to be a policy, custom, or usage not required by the Board of, or applied to, white applicants, and therefore it subjected Negroes to tests not required of white applicants.

■ The supreme law of this republic is that no tests can be required of a Negro applicant as a pre-requisite to registration as a voter that is not required of a white applicant; therefore, let no Board of Registrars try to devise any scheme or artifice to do otherwise.

The plaintiffs have proven no money damages on account of the illegal and wrongful acts of these defendants and therefore no award of money damages is made.

■ By virtue of their resignations as members of the Board of Registrars of Bullock County, Alabama, these defendants are now beyond the vale of an injunctive directive from this court in this matter; however, the court retains jurisdiction of the case and will grant the injunctive relief prayed for in plaintiffs' petition in the event either or all of these defendants again become members of this Board.

The attorneys for the plaintiffs will prepare and submit to the court a proper judgment herein.

The defendants are taxed with cost, for which execution may issue.